UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELIZABETH A. GREENWALD, et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1128 CDP |
| PHILLIPS HOME FURNISHINGS INC., | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs are former employees of Phillips Home Furnishings (also known as Ashley Furniture). They allege that Phillips violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, by classifying furniture salespersons as exempt and denying them overtime compensation. Plaintiffs now move for conditional certification as a collective action under the FLSA so that they may notify other past and present Phillips employees of this action and provide them an opportunity to "opt-in" as plaintiffs to this litigation. Phillips opposes conditional certification on the ground that plaintiffs have not shown that there was a policy or plan resulting in the denial of overtime. Phillips also asks me to stay or dismiss this action because plaintiffs have filed a similar lawsuit in state court.

Plaintiffs allege that Phillips improperly classified all of their furniture

salespersons as exempt. As a result, Phillips paid all furniture salespersons a salary, even when they worked more than forty hours in a week. To support their allegations, plaintiffs provide affidavits from three former employees who worked as sales associates in Phillips' Missouri and Illinois stores. Each former employee states that she 1) sometimes worked more than forty hours in a week while employed by Phillips, and 2) was not paid overtime those weeks. The FLSA requires that employers pay non-exempt employees overtime compensation if they work more than forty hours a week. 29 U.S.C. § 207. Employees may be exempt from this overtime provision if they meet certain requirements set out in the Act. For example, employees who are not "engaged in commerce or in the production of goods for commerce" are not covered by this overtime provision. 29 U.S.C. § 207(a)(1). Certain retail employees are also exempt, and are not entitled to overtime, if commissions make up more than half of their salary. 29 U.S.C. § 207(i).

Phillips does not contest the allegation that it classified furniture salespersons as exempt. Nor does Phillips contest the allegation that plaintiffs were not paid any overtime for weeks in which they spent more than forty hours at work. In fact, Phillips provides an affidavit that confirms these facts. Rather than contest these allegations, Phillips makes two arguments. First, Phillips implies

that the salary of sales associates is more commission-based than salary-based, making plaintiffs properly exempt from the FLSA's overtime provisions. Second, while plaintiffs may have been physically present at work for more than forty hours each week, they were only scheduled for forty-hour weeks. Any work done in excess of forty hours was not required, and plaintiffs have not shown that they were actually working in excess of forty hours. Plaintiffs have failed to show that Phillips had a plan to deprive them of overtime, because plaintiffs have not alleged that Phillips ever required them to work in excess of forty hours. In a separate motion, Phillips asks me to dismiss or stay this action because there is a similar case pending in state court.

Based on everything presented to me, I find that abstention is not warranted and I will not dismiss or stay this case. Further, I conclude that plaintiffs have met their burden to show that the case should be conditionally certified as a collective action.

**1. Defendant's motion to dismiss or stay**

Phillips asks me to abstain from exercising jurisdiction in this case under the *Colorado River* abstention doctrine because plaintiffs have filed a lawsuit based on the same facts in Missouri state court. Plaintiffs argue that there are no exceptional circumstances that warrant abstention in this case. I agree with

plaintiffs. Although this case brings similar claims and is based on the same facts as the state case, Phillips has not demonstrated that exceptional circumstances are present here. I will deny defendant's motion to dismiss or stay.

Federal district courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). In *Colorado River*, the Supreme Court recognized that a federal court may, in limited circumstances, dismiss or stay a federal action in favor of a concurrent state proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Unlike the other abstention doctrines, which are based on constitutional considerations, the *Colorado River* doctrine is based on principles of "wise judicial administration." *Id*. at 817. The Court did not intend for abstention in concurrent cases to be a general rule; rather, courts should only stay or dismiss an action under *Colorado River* in "exceptional circumstances." *Id*.

The *Colorado River* doctrine applies where there are substantially similar cases filed concurrently in state and federal courts. *Id.* Plaintiffs filed this lawsuit on August 1, 2008. That same day, plaintiffs filed a lawsuit in Missouri state court. There are some differences between the two lawsuits. Procedurally, this action asks for conditional certification under the FLSA's opt-in provisions; the

state action asks for class certification under the opt-out provisions of Rule 52.08 of the Missouri Rules of Civil Procedure. This action includes both Missouri and Illinois employees as plaintiffs; the state action is limited to Missouri employees. This suit makes claims for overtime compensation based on misclassification under the FLSA; the state suit asks for unpaid overtime and for unpaid commissions under state law. Here, plaintiffs ask for recovery dating back to October 1, 2005; in the state suit, plaintiffs ask for overtime dating back to January 1, 2007, and unpaid commissions from October 1, 2005 to the present. However, both actions are based on the same facts and the same theory: Phillips was required to, but did not, pay overtime to plaintiffs and other sales associates. The two cases are substantially similar.

The Supreme Court has established six factors a federal court should apply when considering abstention based on concurrent jurisdiction: 1) whether there is some *res* over which one forum has established jurisdiction; 2) the inconvenience of the federal forum; 3) whether maintaining separate actions may result in piecemeal litigation; 4) whether the state or federal court first obtained jurisdiction; 5) whether state or federal law controls; and 6) the adequacy of the state forum to protect the plaintiff's rights. *Gov't Employees Ins. Co. v. Simon*, 917 F.2d 1144, 1148 (8th Cir. 1990); *see also Moses H. Cone*, 460 U.S. at 15

(adding factors five and six to the four factors articulated in *Colorado River*). These factors are not intended to act as a mechanical checklist, but should be carefully balanced as they apply in a given case. *Simon*, 917 F.2d at 1148.

The first two factors do not apply and are neutral here. Under factor six, courts have held that if both forums would adequately protect the plaintiff's rights, then the factor is neutral. *Simon*, 917 F.2d at 1149 (citing *Noonan S., Inc. v. County of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988)). In other words, factor six is really only relevant when either the state or federal forum is inadequate. *Simon*, 917 F.2d at 1149. Both forums would adequately protect the plaintiffs' interests in this case. Accordingly, factors one, two, and six are all neutral.

Factor four, order of jurisdiction, is not measured by when the action was filed, "but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Plaintiffs filed these two actions on the same day. On September 30, 2008 Phillips answered the state complaint. A week later, Phillips entered an appearance in this case and filed its motion to dismiss or stay. That same week, plaintiffs served discovery requests in the state action. Based on this timeline, Phillips argues that the state case has progressed more than this one, weighing in favor of abstention. I do not agree. Phillips filed the two responsive pleadings a week apart. Neither action has progressed substantially

more than the other.  Accordingly, the fourth factor is also neutral.

Factor five involves examination of the applicable substantive law.  When federal law applies, federal courts will rarely abstain from exercising jurisdiction.  *Simon*, 917 F.2d at 1149.  Plaintiffs have brought their federal claims to federal court, and their state claims to state court.  There are no state law questions in this federal case.  Factor five weighs against abstention.

Phillips focuses the bulk of its abstention argument on the sixth factor, arguing that allowing these concurrent cases would result in piecemeal litigation.  It is true that the parties and issues in this case are also included in the state claim, with the exception of the Illinois employees.  It is also true that concurrent adjudication may result in duplication and a less-than-efficient allocation of judicial and other resources.  Duplication and inefficiency alone, however, are not sufficient to warrant abstention.  If that were the standard, federal courts should abstain from exercising jurisdiction in all concurrent claims, and the *Colorado River* factors would be unnecessary.  Rather, courts should distinguish between the special problems created by piecemeal litigation and the mere possibility of duplication.  *Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir. 1991).  Plaintiffs could have brought their federal and state claims in state court.  They could have brought all their claims in federal court.  Instead,

they have elected to pursue the federal claims in federal court, and the state claims in state court. This is permissible. *See, e.g.*, *Bartleson v. Winnebago Indus., Inc.*, 219 F.R.D. 629, 637 n.4 (discussing the options available to plaintiffs in filing state and federal FLSA claims). Because there are no exceptional circumstances favoring abstention, I will not dismiss or stay this case, and I will consider plaintiffs' motion for conditional certification.

**2. Plaintiffs' motion for conditional certification**

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under §216(b) differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811,

814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. *Id*. *See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

The Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b). District courts in this circuit have often used a two-step procedure, where plaintiffs first seek early conditional certification, and then later the court considers the merits, including whether plaintiffs have shown that the class comprises similarly situated employees. *See e.g.*, *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007); *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811 (W.D. Mo. 2005); *Dietrich v. Liberty Square L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005); *McQuay v. Am. Int'l Group, Inc.*, No. 4:01CV00661 WRW, 2002 WL 31475212 (E.D. Ark. Oct. 25, 2002).

Plaintiffs' burden at the conditional certification stage is not onerous. *See Smith v. Heartland Auto. Servs., Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005)

(burden at first stage is "not rigorous"). Conditional certification at the notice stage generally requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815 (quoting *Sperling v. Hoffman-La Rouche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)) .

At this first stage, plaintiffs must establish a colorable basis for their claim that the class members were the victims of a single decision, policy, or plan. *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (Severtson I). This means that plaintiff must provide "more than the mere averments in its complaint." *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278-79 (D. Minn. 1992) (Severtson II). Although credibility determinations and findings of fact are not required at this stage, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003). While the burden on the plaintiff is relatively low at this initial stage, it is not invisible. *Parker,* 492 F. Supp. 2d at 1164 (citing *Brooks v. A. Rainaldi Plumbing, Inc.*, No. 6:06-CV-631, 2006 WL 3544737, at *2  (M.D. Fla., Dec. 8, 2006)). The burden may be met by "detailed allegations supported by affidavits." *Grayson*, 79 F.3d at 1097. "Unsupported assertions that FLSA violations were

widespread and that additional plaintiffs" exist do not meet this burden. *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

The kind of allegations required to meet this burden depends on the kind of policy, decision, or plan the plaintiffs allege. For example, allegations that employees worked off-the-clock without overtime compensation typically require some proof that management imposed or knew of the off-the-clock work. Without such management participation, there is no common company policy. *See, e.g., Wacker v. Personal Touch*, No. 4:08CV93 CDP, 2008 WL 4838146 (E.D.Mo. Nov. 6, 2008)(declining to certify a conditional class where the employer had a policy of automatically deducting thirty minutes for lunch from each paycheck, but plaintiffs alleged that employees were forced to work through lunch anyway, because plaintiffs had not provided any evidence of company-wide policy requiring that employees work through lunch). However, an allegation that an employer improperly classified certain employees as exempt does not require further proof of a company policy: the classification scheme itself is the policy. *See, e.g.*, *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007)(conditionally certifying a class based on allegations that employer misclassfied employees as exempt, only requiring evidence of the classification, similar job duties, and unpaid overtime work). Off-the-clock

allegations typically require some additional evidence of managerial participation or knowledge; misclassification allegations do not. In misclassification allegations, a plaintiff must typically show that the employees performed similar duties, were classified as exempt, worked more than forty hours, and were not paid overtime. *Schleipfer*, 2007 WL 2485007, at *3.

Phillips' reliance on *Songer v. Dillon* to oppose conditional certification illustrates the confusion between these two types of cases. This is a case claiming plaintiffs were improperly classified as exempt, while *Songer* is an off-the-clock case. *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703 (N.D. Tex. 2008). In *Songer*, the plaintiffs alleged that the company "encouraged" employees to work off-the-clock without overtime pay. *Id*. at 705. In that case, the plaintiffs submitted five affidavits from employees who alleged that they worked overtime and were not paid. *Id*. The affidavits contained no evidence of a single decision, policy, or plan on the part of the company to deprive its employees of overtime. *Id*. The employer did not categorically deny overtime to a group of employees. *Id*.

Here, plaintiffs allege that all sales associates were subject to a single policy: they were all classified as exempt. Once classified as exempt by Phillips, they were categorically denied overtime when they worked more than forty hours

in a week. Phillips responds to these allegations in two ways. First, Phillips implies that plaintiffs are properly classified as exempt from overtime pay under the FLSA. Phillips relegates the bulk of this first argument to a footnote. Phillips claims that sales associates are subject to a hybrid compensation plan that is "probably more akin to traditional commission-based plans." This appears to be an argument that plaintiffs are exempt under the FLSA's majority-commission exception. Phillips does not pursue this argument any further.

Second, Phillips argues that plaintiffs were scheduled to work forty hours each week, and any work in excess of forty hours was not required. Plaintiffs clocked in and out of work using a time-clock system. Phillips does not deny that plaintiffs were clocked in for more than forty hours some weeks. Instead, Phillips argues that the time-clock system was not intended to measure hours; it was intended to measure attendance. Plaintiffs were scheduled for forty hours each week, and were paid according to their scheduled shifts. Any time recorded in excess of their scheduled week was not required by Phillips. Because plaintiffs offered no evidence that they were required and expected to work additional hours, or that they were actually engaged in work-related activity during that time, they have failed to sufficiently allege that Phillips had a plan or policy to deny them overtime.

Courts have conditionally certified misclassification claims on the basis of allegations and evidence similar to what plaintiffs have provided here. *See, e.g., Kalish v. High Tech Inst., Inc.*, No. Civ. 04-1440 (JRT/JSM), 2005 WL 1073645 (D. Minn. Apr. 22, 2005)(conditionally certifying a class based allegations of 1) misclassification as exempt; 2) similar job title and descriptions; 3) central employment practices; and 4) failure to pay overtime compensation). In *Schleipfer v. Mitek*, I conditionally certified a class based on the affidavit of one employee. *Schleipfer v. Mitek*, No. 1:06CV109 CDP, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007). In that case, the employee alleged that he was improperly classified as exempt under the FLSA. The employer did not deny the classification. Instead, the employer argued that the employee was properly classified as exempt. To support his motion for conditional certification, the employee submitted his own affidavit, describing his work, and stating that he was not paid overtime when he worked more than forty hours. He alleged that other employees who performed similar work were also denied overtime. In *Schleipfer*, I found that the plaintiff had provided substantial allegations that he and the other members of his proposed class were victims of a single decision, policy, or plan to deprive them of overtime compensation. *Id*.

Here, as in *Schleipfer*, plaintiffs have provided affidavits showing that sales

associates perform similar work. They have described that work in enough detail so that other members of the collective action who performed similar work may be identified and notified of this action. The plaintiffs have also shown, as in *Schleipfer*, that the alleged misclassification is common to their category of employee. Phillips' argument that the plaintiffs are actually exempt because they are mostly compensated by commissions goes to the merits of plaintiffs' claim, and is not yet ripe for resolution.

Phillips' argument that plaintiffs were not required to work more than forty hours strengthens plaintiffs' case. Phillips acknowledges that plaintiffs were present at work more than forty hours in a week. Contrary to Phillips' belief, plaintiffs do not have to allege that Phillips required them to work more than forty hours in a week, they only have to allege that Phillips permitted it. 29 C.F.R. § 785.11 (2008)("Work not requested but suffered or permitted is work time."); *Mumbower v. H.R. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975)("The employer who wishes no such work to be done has a duty to see it is not performed. He cannot accept the benefits without including the extra hours in the employee's weekly total for purposes of overtime compensation."). Further, plaintiffs are not alleging that Phillips had a policy, decision, or plan to require furniture salespersons to work more than forty hours without overtime. Plaintiffs are

alleging that Phillips had a policy of classifying all furniture salespersons as exempt. Because of this misclassification, when plaintiffs did work more than forty hours in a week, they were denied overtime. Whether plaintiffs actually worked more than forty hours goes to the merits, and will be addressed at a later stage of the litigation. After discovery is complete, and the matter is fully briefed, I may decertify the collective action for this (or some other) reason advanced by Phillips. But I cannot deny conditional certification because plaintiffs may not ultimately prevail on their FLSA claims.

Plaintiffs have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate. I will therefore conditionally certify a class consisting of all sales associates employed by defendant, in any of its Missouri and Illinois stores, at anytime from October 1, 2005 to the present date. Phillips has not objected to plaintiffs' proposed Notice of Collective Action and Consent to Join. Because Phillips had an opportunity to object, and because I find that plaintiffs' proposed Notice is appropriate, I will authorize plaintiffs to send their proposed Notice.

I will also set this case for a Rule 16 Conference by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or stay

[#4] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for conditional class certification [#6] is granted.  Defendant must produce to plaintiff a list of all potential class members, including their last known mailing address and telephone numbers (if known) within 30 days of the date of this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2009.