UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELIZABETH GREENWALD, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1128 CDP |
| | ) | |
| PHILLIPS HOME FURNISHINGS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to send a corrective letter to potential class members who previously received notice of this matter, and to contact by telephone potential class members whose notices were returned in the mail. Defendant opposes the motion. I believe that plaintiffs have shown good cause for this relief, and it is in the interests of justice, so I will grant plaintiffs' motion.

## Discussion

Plaintiffs moved for conditional class certification in this case on October 10, 2008. Attached to their memorandum in support was a proposed notice to be sent to potential class members, should conditional certification be granted.

The proposed notice gave potential class members until December 15, 2008 to opt in to the litigation. I granted conditional certification on February 3, 2009, and authorized plaintiffs to send out their proposed notice at that time. My order neglected to tell the plaintiffs' counsel to change the December 15, 2008 deadline. The notice thus went out containing a deadline that had already passed. In addition, numerous notices have been returned in the mail as undeliverable. My order had directed defendant Phillips to provide plaintiffs with the last known addresses and telephone numbers of all potential class members, but apparently many of those people have moved. Plaintiffs are concerned that some class members who might otherwise have joined this litigation have been prevented or deterred from doing so because they either never received the notice, or received the notice and assumed it was too late to opt in.

Plaintiffs now ask that I allow them to send a letter to potential class members informing these potential plaintiffs that the December 15th deadline was an error, and giving potential class members forty-five days from the date of the letter to opt in to the litigation. A consent form, identical to the consent form attached to the original notice, would be attached to the letter. Phillips argues that such a corrective letter would be an improper solicitation "nothing

short of a fishing expedition." If I allow plaintiffs to send a corrective letter, Phillips asks that I reduce the time given to respond from forty-five to ten days, and that I do not allow plaintiffs to include a second consent form. Because I find that plaintiffs' proposed corrective notice is consistent with the remedial purposes of the FLSA, and would serve the interest of judicial economy, I will allow plaintiffs to send their proposed corrective notice, along with an attached consent form, to the potential class members. I agree with plaintiffs that it is appropriate to give potential class members forty-five – rather than ten – days from the date of the letter to opt in.

Plaintiffs also want to telephone any potential class members whose notices were returned in the mail and ask for their new addresses. Phillips argues that plaintiffs' attorney should not be allowed to contact these potential class members by telephone because doing so would be a direct solicitation in violation of the Missouri Rules of Professional Conduct, and because there are other ways that plaintiffs could find the addresses. I disagree. In the interests of justice, plaintiffs' counsel should be allowed to telephone potential class members, when the notice sent to the address provided by Phillips was returned as undeliverable, in order to obtain the correct mailing addresses of those individuals.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to send corrective notice [#23] is granted.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2009.